IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAILA SEGAL,<br>                        *Plaintiff*<br><br>v.<br><br>TOYOTA MOTOR SALES, INC., JOHN DOES 1-5 (representing fictitious unknown individual service technicians and/or service managers and/or local Toyota dealer owners) and ABC CORPORATION, 1-5 (representing fictitious unknown corporate owners and/or sellers and/or dealers and/or agents),<br>                        *Defendant* | Civil Action No.:<br><br>RECEIVED<br>DEC 20 2019<br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

## NOTICE OF REMOVAL

Defendant, Toyota Motor Sales, U.S.A., Inc. (improperly identified as Toyota Motor Sales, Inc.), files this Notice of Removal of this action from the Superior Court of New Jersey – Ocean County to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §1446 and, in support thereof, avers as follows:

1.  The above-captioned action was commenced by the filing of a Summons and a Complaint. A copy of plaintiff's Summons and Complaint is attached as Exhibit "A."

2. On or about November 22, 2019, plaintiff served defendant, Toyota Motor Sales, U.S.A., Inc., with a copy of the Complaint at Toyota Motor Sales, U.S.A., Inc.'s California address.

3. Since this service, no further proceedings have been had in the Superior Court of New Jersey – Ocean County in connection with the above-captioned action.

4. Plaintiff's Complaint seeks relief for alleged personal injuries resulting from a motor vehicle accident involving plaintiff, Baila Segal.

5. According to the allegations in plaintiff's Complaint, plaintiff, Baila Segal, was injured and caused to suffer damages.

6. Plaintiff's Complaint seeks damages for claims sounding in product liability, consumer fraud, breach of contract, and negligence. Plaintiff's Complaint also seeks punitive damages.

7. Plaintiff advised counsel for Toyota Motor Sales, U.S.A., Inc. that Baila Segal sustained injuries to her left leg and has undergone left leg surgery. Plaintiff also claims that additional surgeries on her left leg could be necessary.

8. Pursuant to plaintiff's consumer fraud claim, plaintiff claims that Toyota Motor Sales, U.S.A., Inc. is liable for $1,000,000.00.

9. Given the nature of the allegations alleged in the Complaint, including medical expenses and lost wages, upon information and belief, plaintiff's damages exceed the amount in controversy requirement.

10. According to records provided to Toyota Motor Sales, U.S.A., Inc., upon information and belief, plaintiff is a resident of the state of New Jersey.

11. Toyota Motor Sales, U.S.A., Inc. is a California corporation with its principal place of business in Plano, Texas.

12. This Court has original jurisdiction of the above-entitled action, pursuant to 28 U.S.C. §1332(a), and the action may therefore be removed to this Court pursuant to 28 U.S.C. §1441.

13. The only defendant served in this action is the moving party, defendant, Toyota Motor Sales, U.S.A., Inc. Therefore, all of the defendants to this action have joined in this Notice of Removal and in requesting that this matter be removed to this Court.

14. Removal venue lies in this Honorable Court because the plaintiff's State Action was filed and is pending in this District. This action is therefore properly removed from the Superior Court of New Jersey – Ocean County, to the United States District Court for the District of New Jersey (Trenton) pursuant to 28 U.S.C. §§1332(a), 1334, 1441, 1446, and 1452.

15. This Notice of Removal is filed within thirty (30) days of the receipt of the Complaint in this action served upon defendant, Toyota Motor Sales, U.S.A., Inc. as required by 28 U.S.C. §1446(b).

16. Pursuant to 28 U.S.C. §1446(a), attached hereto are true and correct copies of the Summons and Complaint, filed in this action. *See* Exhibit "A."

17. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey – Ocean County as provided by 28 U.S.C. §1446(d)

18. Written notice of the filing of this Notice of Removal will be served upon plaintiff.

**WHEREFORE**, Defendant, Toyota Motor Sales, U.S.A., Inc., prays for removal of the above-captioned action from the Superior Court of New Jersey – Ocean County to the United States District Court for the District of New Jersey.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

BY: _____
  DENNIS P. ZIEMBA, ESQUIRE
  *Attorney Identification No.: DZ5762*

Two Liberty Place
50 S. 16th Street – 22nd Floor
Philadelphia, PA 19102-1909
(215) 851-8400

*Attorney for Defendant, Toyota Motor Sales, U.S.A., Inc.*

Dated: December 20, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAILA SEGAL,<br><br>     *Plaintiff*<br><br>v.<br><br>TOYOTA MOTOR SALES, INC., JOHN DOES 1-5 (representing fictitious unknown individual service technicians and/or service managers and/or local Toyota dealer owners) and ABC CORPORATION, 1-5 (representing fictitious unknown corporate owners and/or sellers and/or dealers and/or agents),<br><br>     *Defendant* | Civil Action No.: |

### CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of Defendant's, Toyota Motor Sales, U.S.A., Inc., Notice of Removal package, were served upon all interested counsel in the manner indicated below on December 20, 2019.

**Service by FIRST CLASS MAIL**
***Addressed as follows:***

Edward B. Kasselman, Esquire
Bathgate, Wegener & Wolf
One Airport Road
Lakewood, NJ 08701

          **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

          BY: _____
            DENNIS P. ZIEMBA, ESQUIRE
            *Attorney for Defendant, Toyota Motor Sales, U.S.A., Inc.*

# EXHIBIT "A"

Edward B. Kasselman, Esq. (I.D. #: 022731980)
**BATHGATE, WEGENER & WOLF**
A Professional Corporation
One Airport Road
Lakewood, NJ 08701
(732) 363-0666 (phone)
(732) 363-9864 (fax)
**Attorneys for Plaintiff Baila Segal**

| | |
|---|---|
| BAILA SEGAL,<br><br>                        Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, INC., JOHN DOES 1-5 (representing fictitious unknown individual service technicians and/or service managers and/or local Toyota dealer owners) and ABC CORPORATION, 1-5 (representing fictitious unknown corporate owners and/or sellers and/or dealers and/or agents),<br><br>                        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION/OCEAN COUNTY<br>DOCKET NO.: OCN-L-2911-19<br><br>Civil Action<br><br>**SUMMONS** |

*The State of New Jersey, to the Above Named Defendant(s): Toyota Motor Sales, Inc.*

    *The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A $175.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it's filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.*

    *If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.*

    *If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and you are not eligible for free legal assistance, you may obtain a referral to an attorney to calling one of the Lawyer Referral Services. A list of these numbers is also provided.*

DATED: November 22, 2019

                                       *Michelle M. Smith*
                                       MICHELLE M. SMITH
                                       CLERK, SUPERIOR COURT

Name of defendant to be served:    Toyota Motor Sales, Inc.
Address for service:                     c/o The Corporation Trust Company
                                         820 Bear Tavern Road, West Trenton, NJ 08628

Edward B. Kasselman, Esq. (I.D. #: 022731980)
**BATHGATE, WEGENER & WOLF**
A Professional Corporation
One Airport Road
Lakewood, NJ 08701
(732) 363-0666 (phone)
(732) 363-9864 (fax)
**Attorneys for Plaintiff Baila Segal**

| | |
|---|---|
| BAILA SEGAL,<br><br>        Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, INC., JOHN DOES 1-5 (representing fictitious unknown individual service technicians and/or service managers and/or local Toyota dealer owners) and ABC CORPORATION, 1-5 (representing fictitious unknown corporate owners and/or sellers and/or dealers and/or agents).<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION/OCEAN COUNTY<br>DOCKET NO.: OCN-L-<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND, and DESIGNATION OF TRIAL COUNSEL** |

  I, EDWARD B. KASSELMAN, ESQ., having been a member of the NJ Bar since 1981, and having sent this to all parties does hereby say:

**FACTS COMMON TO ALL CAUSES:**

  1. Plaintiff Baila Segal was the owner and operator of a 2008 Toyota Avalon.

  2. The vehicle had been purchased in 2015, from the dealer LIPAS for benefit of her mother, Hadara.

  3. The vehicle developed a sudden, unprovoked acceleration problem.

  4. The operator, Baila Segal, and licensee, upon instruction from the manufacturer, took the car to the dealer for remediation repairs.

  5. Since leaving that shop, the vehicle ran well, without incident.

6. Three years later, in 2018, the risk returned: again, when Plaintiff and her mother, Hadara Segal, were in the parking lot of Target for holiday shopping, and they prepared to crawl ahead to the space in front, the vehicle "took off".

7. It accelerated without warning or provocation for a period of 10 seconds-40 seconds. It could not be stopped. It reached a top speed of about 50 mph. It struck two cars, a cart holder, and a barrier.

8. It jammed Plaintiff's legs into the floor, rupturing her left leg, and causing a need for surgery and casting.

9. Emergency vehicles were summoned to the scene. An ambulance transported Ms. Segal to the hospital, Ocean Medical Center, where she had surgery and pin placement.

10. Plaintiff's mother, Hadara, went to the store and asked for a copy of any surveillance video or still photos which showed the crash.

11. They were given the video and the still photos.

12. Baila Segal has undergone months of physical therapy, and has changed doctors.

13. She has been told that in another month or two that they can assess the need for functional limitation compensatory devices, and to determine if further surgery will be required.

14. As a result of the accident, Plaintiff was caused to sustain serious and permanent injuries, and emotional distress and loss of enjoyment of life. This will include loss of bodily functions, loss of income, and out of pocket expenses. Her injuries significantly impact her health and daily activities.

## COUNT ONE
## PRODUCT LIABILITY

15. Plaintiff repeats and realleges the preceding paragraphs. At all times relevant herein, Defendant Toyota Motor Sales, Inc. designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the Vehicle and its components, including but not limited to, equipping it with an accelerator pedal reinforcement bar.

16. Defendant Toyota is in the business of manufacturing, designing, testing, assembling, marketing, and selling the 2008 Toyota Avalon, which was the vehicle owned and operated by the Plaintiff at the time of the subject accident.

17. The defect which caused the sudden acceleration had been the subject of a recall following the 2008 model year.

18. Defendant Toyota directed its dealers to repair all documented recalls, and to submit bills to them for payment.

19. Once a repair was made, it was reasonably foreseeable to Defendant Toyota that other customers would purchase the vehicle for transportation.

20. As a result of the manufacture/distribution of a defective product that caused harm to the Plaintiff, Defendant Toyota Motor Sales, Inc. is strictly liable to the Plaintiff.

WHEREFORE, Plaintiff Baila Segal demands judgment individually, joint and severally against the Defendants Toyota Motor Sales Inc., John Does 1-5 and ABC Corporation 1-5 for compensatory damages, together with attorneys' fees, interest and costs of suit, and such further relief as the Court may deem equitable and just.

## COUNT TWO
## BREACH OF DUTY PROXIMATELY CAUSING DAMAGE

21. Plaintiff repeats and realleges the preceding paragraphs.

22. Defendant Toyota owed a duty to Plaintiff to prevent the foreseen damages, or a duty grounded in the natural responsibilities of societal living and human relationship recognized by reasonable persons.

23. Defendant Toyota breached that duty.

24. Defendant Toyota is liable to the other for the other's damages, including nominal damages.

25. Defendant proximately caused the damages.

WHEREFORE, Plaintiff Baila Segal demands judgment individually, joint and severally against the Defendants Toyota Motor Sales Inc., John Does 1-5 and ABC Corporation 1-5 for compensatory damages, together with attorneys' fees, interest and costs of suit, and such further relief as the Court may deem equitable and just.

## COUNT THREE
## CARELESS CONTRACTUAL WORK DAMAGE

26. Plaintiff repeats and realleges the preceding paragraphs.

27. The parties did not have an express contractual undertaking concerning workmanship.

28. Defendant Toyota failed to perform in a reasonably good and workmanlike, non-negligent manner.

29. Defendant Toyota is liable to Plaintiff for damages to the work flowing from a breach of that implied promise of reasonable workmanship.

30. Defendant Toyota is also liable to an assignee of rights for breach of contract, such as a successor in title without knowledge of the breach or without the ability to discover the breach upon reasonable inspection of the work before and at the time title was transferred.

WHEREFORE, Plaintiff Baila Segal demands judgment individually, joint and severally against the Defendants Toyota Motor Sales Inc., John Does 1-5 and ABC Corporation 1-5 for compensatory damages, together with attorneys' fees, interest and costs of suit, and such further relief as the Court may deem equitable and just.

## COUNT FOUR
## CONSUMER FRAUD

31. Plaintiff repeats and realleges the preceding paragraphs.

32. Defendant Toyota used an unconscionable commercial practice, deception, fraud, false pretense, false promise, or misrepresentation, in connection with the sale, rental, distribution or advertisement of merchandise, whether before or subsequent to the sale, rental, distribution or advertisement.

33. Defendant Toyota knowingly concealed, suppressed, or omits a material fact with the intent that other rely, in connection with the sale, rental, distribution, or advertisement of merchandise, whether before or subsequent to the sale, rental, distribution, or advertisement.

34. Defendant Toyota violated the specific regulation promulgated under the Consumer Fraud Act, NJSA 56:8-1 et seq.

35. Defendant Toyota violated the new motor vehicle warranties specifically NJSA 56:12-34, NJSA 56:12-35, and NJSA 56:12-44.

36. Defendant Toyota violated the Act concerning the sale and warranty of certain used motor vehicles, specifically NJSA 56:8-68 or NJSA 56:8-69.

37. Defendant Toyota is liable to the consumer for attorney's fees and costs.

38. Defendant Toyota is liable to the consumer for any ascertainable loss of moneys or property as a result of the unlawful consumer fraud, for treble damages, and any other appropriate legal or equitable relief.

39. Defendant Toyota is liable for a refund of all moneys acquired by means of the unlawful consumer fraud.

40. Defendant Toyota is liable for a refund of $1,000,000.

WHEREFORE, Plaintiff Baila Segal demands judgment individually, joint and severally against the Defendants Toyota Motor Sales Inc., John Does 1-5 and ABC Corporation 1-5 for compensatory damages, together with attorneys' fees, interest and costs of suit, and such further relief as the Court may deem equitable and just.

## COUNT FIVE
## RECOUPMENT FOR CONTRACT BREACH HARMING OUTSIDER

41. Plaintiff repeats and realleges the preceding paragraphs.

42. Defendant Toyota breached their contract in a manner that precipitated a third party claim against the non-breaching party.

43. Defendant Toyota is liable to the non-breaching party for any Judgment or reasonable settlement to the third party, including costs or attorneys' fees.

44. It was reasonable and foreseeable for Defendant Toyota to have foreseen at the time of contract formation the likelihood that breach would result in a third party claim.

WHEREFORE, Plaintiff Baila Segal demands judgment individually, joint and severally against the Defendants Toyota Motor Sales Inc., John Does 1-5 and ABC Corporation 1-5 for compensatory damages, together with attorneys' fees, interest and costs of suit, and such further relief as the Court may deem equitable and just.

## COUNT SIX
## CONCEALMENT OF DESTRUCTION OF EVIDENCE
## INTENTIONAL CONCEALMENT OF EVIDENCE
## SPOILATION OF EVIDENCE

45. Plaintiff repeats and realleges the preceding paragraphs.

46. Defendant Toyota had a legal obligation to disclose evidence in connection with an existing or pending litigation.

47. Defendant Toyota intentionally withheld, altered, or destroyed material evidence with the purpose to disrupt the litigation.

48. Defendant Toyota is liable to Plaintiff for damages to the underlying action caused by having to rely on an evidential record that did not contain the concealed evidence, costs or expenses in the litigation that would not otherwise have been incurred, and, if appropriate, punitive damages.

WHEREFORE, Plaintiff Baila Segal demands judgment individually, joint and severally against the Defendants Toyota Motor Sales Inc., John Does 1-5 and ABC Corporation 1-5 for compensatory damages, punitive damages, together with attorneys' fees, interest and costs of suit, and such further relief as the Court may deem equitable and just.

## COUNT SEVEN
## EVIDENCE CONCEALED OR DESTROYED NEGLIGENTLY

49. Plaintiff repeats and realleges the preceding paragraphs.

50. Defendant Toyota negligently destroying or concealing evidence, knowing that litigation exists or is probable, is liable for damages, proximately caused by the spoliator's acts.

51. Defendant Toyota was disrupted by the spoliator having a design to disrupt Plaintiff's case, or where such disruption is foreseeable.

52. Defendant Toyota hired an expert engineer whose work product reflects common knowledge that it would be used in a lawsuit.

53. Defendant Toyota voluntarily undertook to have that evidence and Plaintiff so reasonably and detrimentally relies thereon, or Defendant agrees to preserve the evidence, or Defendant is specifically requested to preserve a particular item of evidence.

54. The negligent loss or destruction of that evidence is a damages matter for Defendant Toyota.

WHEREFORE, Plaintiff Baila Segal demands judgment individually, joint and severally against the Defendants Toyota Motor Sales Inc., John Does 1-5 and ABC Corporation 1-5 for compensatory damages, together with attorneys' fees, interest and costs of suit, and such further relief as the Court may deem equitable and just.

## COUNT EIGHT
## NEGLIGENT INSPECTION OR REPAIR OF AUTO CAUSING DAMAGE

55. Plaintiff repeats and realleges the preceding paragraphs.

56. Defendant Toyota inspected and repaired an automobile subject to Toyota's request.

57. Defendant Toyota by failing to exercise reasonable care not to cause bodily harm or damage to one whose person or property may reasonably be expected to be endangered by the probable use of the car after the inspection and making of the repair.

58. Defendant Toyota is liable to anyone for damages proximately caused by the inspector or repair person's negligence.

WHEREFORE, Plaintiff Baila Segal demands judgment individually, joint and severally against the Defendants Toyota Motor Sales Inc., John Does 1-5 and ABC Corporation 1-5 for compensatory damages, together with attorneys' fees, interest and costs of suit, and such further relief as the Court may deem equitable and just.

## COUNT NINE
## PROMISE CAUSING DESTRUCTION RELIANCE

59. Plaintiff repeats and realleges the preceding paragraphs.

60. Defendant Toyota made a clear and definite promise regarding warranty repairs.

61. Defendant Toyota should reasonably expect that another will rely on the promise and will be bound by the promise.

62. Defendant Toyota should expect to incur liability for the damages proximately caused.

63. Promises made, promises kept! Defendant Toyota made a reasonably reliable promise.

64. Plaintiff suffered harm of a definite and substantial nature.

WHEREFORE, Plaintiff Baila Segal demands judgment individually, joint and severally against the Defendants Toyota Motor Sales Inc., John Does 1-5 and ABC Corporation 1-5 for compensatory damages, together with attorneys' fees, interest and costs of suit, and such further relief as the Court may deem equitable and just.

## CERTIFICATION OF OTHER ACTIONS

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated Court action or arbitration with respect to the matter in controversy herein.

## DESIGNATION OF TRIAL COUNSEL

EDWARD B. KASSELMAN, ESQ. is hereby designated as trial counsel of behalf of the Plaintiff in the within matter.

## JURY DEMAND

Plaintiff hereby demand a trial by Jury as to all issues raised herein.

BATHGATE, WEGENER & WOLF
Attorneys for Plaintiff Baila Segal

BY: _____
EDWARD B. KASSELMAN, ESQ.

Dated: November 21, 2019

OCN-L-002911-19 11/21/2019 4:29:12 PM Pg 1 of 1 Trans ID: LCV20192160501

# Civil Case Information Statement

### Case Details: OCEAN | Civil Part Docket# L-002911-19

Case Caption: SEGAL BAILA VS TOYOTA MOTOR SALES, INC.
Case Initiation Date: 11/21/2019
Attorney Name: EDWARD B KASSELMAN
Firm Name: BATHGATE WEGENER & WOLF, PC
Address: 1 AIRPORT RD
LAKEWOOD NJ 08701
Phone: 7323630666
Name of Party: PLAINTIFF : SEGAL, BAILA
Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: AUTO NEGLIGENCE-PERSONAL INJURY (VERBAL THRESHOLD)
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
   If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
   If yes, for what language:

Please check off each applicable category: Putative Class Action? NO    Title 59? NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/21/2019                                                      /s/ EDWARD B KASSELMAN
Dated                                                                              Signed